"Take notice, that the executors appeal to the surrogate of Oneida county from the decision of Mr. A. J. Dutcher, the appraiser herein, made and filed on the 7th day of August, 1905."

This appeal was never brought to a hearing. The matter is now before the court on a motion to· dismiss the appeal, on the ground that the notice of appeal does not state the grounds of the appeal. The motion is made by D. E. Powers, as attorney for the State Comptroller.

An appeal of this character is perfected by an interested party "filing in the office of the surrogate a written notice of appeal, which shall state the grounds upon which the appeal is taken." Tax Law, Laws 1896, p. 875, c. 908, § 232. "Only the parts of a judgment or decree which are appealed from can be reviewed; and, where a statute requires the grounds of the appeal to be stated, as does the taxable transfer act of 1892 (page 819, c. 399, § 13), in the case of an appeal to the surrogate from the appraisement or assessment and determination of a tax, none except those specified in the notice of appeal can be considered, and the proceedings cannot be interfered with or disturbed in other respects." Matter of Davis, 149 N. Y. 539, 44 N. E. 185. "The purpose of requiring the notice of appeal to the surrogate to state the grounds the appeal is made upon was to limit the questions to be reviewed by him to those only stated in the notice, * * * and neither the Supreme Court nor this court can review any question except that reviewed by the surrogate." Matter of Manning, 169 N. Y. 449, 452, 62 N. E. 565, 566. The notice of appeal in question stated no ground upon which the appeal is taken. It therefore follows that the appeal must be dismissed.

The motion to dismiss the appeal is granted, without costs to either party.

Motion granted, without costs.

---

(56 Misc. Rep. 232.)

In re DICKINSON'S ESTATE.

(Surrogate's Court, Kings County. October, 1907.)

1. WILLS—DESIGNATION OF BENEFICIARIES.

Where testator bequeathed certain sums to religious societies by names which were not their strict corporate names, but plainly identified the societies the testator had in mind, and there were no other institutions of a similar name, or claiming the legacies, they will be distributed to the societies intended.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 1112.]

2. SAME—IDENTIFICATION.

Where testator made a bequest to a public library in P., and there were two libraries which might have been intended, the means of knowledge·of the testator as to the character of the two libraries, in connection with the names by which they were known, will be considered in determining which was the legatee.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 1038, 1044.]

In the matter of the estate of Willard W. Dickinson. Proceedings for judicial settlement of the accounts of the executor. Decree rendered.

Otto F. Struse, for Nassau Trust Company, executor.

Edward H. Leggett, for Phelps Union and Classical School.

A. C. Olp, representing the Attorney General.

Wood & Goldsmith, for Mary Swift Stearns, a residuary legatee.

H. L. Thompson, for Methodist Episcopal Church of Phelps, N. Y.

George S. Ingraham, for First M. E. Church, Brooklyn.

Douglass & Minton, for Lettie Stearns Bushnell, a legatee.

Fisher & Voltz, for Industrial School Association.

CHURCH, S. The deceased in his will made four bequests to four separate institutions, and it is contended that these bequests are invalid for various reasons which will now be considered.

There was a bequest to the Methodist Episcopal Church of Phelps, N. Y., of $5,000, and also to the South Second Street Methodist Episcopal Church of Brooklyn, of $3,000. It is shown that there is no institution whose corporate name corresponds to these designations, but, on the other hand, it is also shown that in each case there is a church plainly answering the description of the respective institutions which the testator had in mind. No other institution of similar name or character claims either of the legacies, and, as the latter do not conflict in any way with the provisions of statute touching bequests to charitable institutions, they should be sustained.

The testator made a further bequest of $5,000 to the "Public Library of Phelps, N. Y." It appears that there is no institution incorporated under that title, but that there is a public library of the school district of the village of Phelps, which is commonly referred to as "the library" or "the public library;" that the existence of this library was known to the testator, and that in his boyhood days he attended the district school, and undoubtedly had the use of the library. It is further shown that another library was incorporated several years ago in Phelps, known as the "Crown Library Association." This library for a time was apparently in active existence, circulating books. For a number of years prior to the death of the testator, however, it had not done any business as a library. No proceedings had been taken to dissolve its charter or to dispose of its property, but its books were not circulated, being packed away in storage, and for all practical library purposes it was virtually defunct. It is not disclosed that the decedent ever knew of the existence of this "Crown Library." That association does not claim this bequest. On the contrary, it appears, and waives any claim to the same. The residuary legatees, however, claim that, as the school library was a mere incident of the school, it could not have been the institution that was in the mind of the testator; that the Crown Library was the only one in the village of Phelps that comes within the provisions of the will, and that, if the court adopts this construction, as the Crown Library was incorporated under an amendatory act of the act of 1848, the bequest must fail for the reason that the will was not made within 60 days of the death of the testator. They urge that the knowledge of the invalidity of the gift prompted

the Crown Library to waive any claim to it. It is further claimed on their behalf that, if it cannot be definitely determined that the Crown Library is the institution which was in the testator's mind, then the language of the will is so ambiguous that it is impossble to tell which of the two libraries was to be benefited, and, therefore, the bequest should be declared void for uncertainty.

Hence the main question for determination is as to which institution the testator had in mind in referring to the "Public Library of Phelps." In its consideration, we must recognize the principle that it is the duty of the court to carry out the intention of the deceased, and that the bequest will not be declared void on the ground of uncertainty, unless the conditions are such as to make it impossible to ascertain, with any degree of reasonable certainty, what was his intention. It appears from the evidence that, although the testator was born in Phelps, and always maintained an active interest in the place of his birth, he had not lived there for many years. It is but natural, in consequence, that in making a bequest for the "Public Library" he should have had in view the library which was in existence when he lived in the town, rather than some institution which was incorporated in later years, about which he knew nothing. Again, it is shown that the library attached to the school has not borne any definite or particular name, but has been referred to as "the library," or "the school library," or "the public library," and it is but natural, too, that the testator should believe that the words "public library," even if not the corporate name of the institution, would be sufficiently descriptive to indicate to any person the library which he had in mind. On the other hand, the title of the "Crown Library Association" is such that, while the exact title as contained in the certificate of incorporation might not have been used, yet similar words would have been used which would have left no one in doubt as to the testator's meaning. While the phrasing of the bequest is not so definite as might be desired, yet it seems to be plain that the library of the school was the one which the testator intended to benefit.

The will also contained a bequest to the Eastern District Industrial School Association of the sum of $3,000. This institution is conceded by the various parties to have been incorporated under one of the amendatory acts of the statute of 1848, and in consequence the bequest is invalid.

Let decree be entered settling the accounts as herein indicated.